IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONETTA S. GROVE,<br><br>Plaintiff,<br><br>-v-<br><br>WINN DIXIE and DUNCAN SMITH,<br>in his individual and official capacity as<br>store manager,<br><br>Defendants. | CIVIL ACTION NO. 2:05CV392-W<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**COMES NOW** Antonetta S. Grove (Plaintiff) and for her complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

## NATURE OF THE CASE

1. This lawsuit is brought by Antonetta S. Grove (Plaintiff), seeking permanent relief from unlawful discriminating practices by Defendants. Plaintiff has been adversely affected by discriminatory treatment by Defendants. The practices committed by Defendants violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

1

## JURISDICTION

2. This federal action is brought pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3) as the action arises under Federal law.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action.

## VENUE

4. Defendants are located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the discriminatory practices were committed, making venue proper under 28 U.S.C. Section 1391(b).

## PARTIES

5. Plaintiff, Antonetta S. Groves, hereinafter referred to as "Plaintiff", is a thirty-two (32) year old African American female resident of the United States and the State of Alabama, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and has been a resident at all times material hereto. Plaintiff is a member of the protected class for race, African American.

6. Defendant, Winn Dixie, hereinafter referred to as "Winn Dixie", is a grocery store chain and is authorized to do business in the State of Alabama and otherwise meets the jurisdictional prerequisites.

7. Defendant, Duncan Smith, hereinafter referred to as "Smith", white male, is a store manager at Winn Dixie. Defendant was the manager of the West Patton Winn Dixie at all time material hereto.

## **FACTUAL BACKGROUND**

8.     Plaintiff is employed with the Montgomery County Board of Education as a parent liaison at Floyd Elementary School (Floyd). A part of Plaintiff's duties includes coordinating teacher workshops. In or around December 2004, Plaintiff was assisting in putting together a teacher workshop to be held on December 13, 2004. Plaintiff was asked to contact the Winn Dixie on West Patton to request a donation of chicken for the workshop. Plaintiff contacted the West Patton Winn Dixie, because it is customary that the various Winn Dixie stores service schools in their particular area. Floyd is in the West Patton area.

9.     Early December 2004, Plaintiff contacted the manager at the West Patton Winn Dixie, Defendant Smith. Plaintiff asked Defendant Smith if he would donate some chicken for the workshop. Defendant Smith agreed and informed Plaintiff that he would need to see letterhead from Floyd to establish that she represented Floyd.

10.    The following week, Plaintiff went to the West Patton Winn Dixie store. Plaintiff was greeted by Michelle Lashley, black female, field manager. Plaintiff informed Lashley that she had spoken with Defendant Smith about the donation and that he had instructed Plaintiff to bring the letterhead to the store. Lashley proceeded to take the letterhead to Defendant Smith. Lashley returned to the lobby after about three (3) minutes. Lashley said that Defendant Smith said the letterhead was acceptable, but he needed to give Plaintiff some papers to take back to the school to be completed.

11.     Since it took a few minutes for Lashley to return, Plaintiff walked to Defendant Smith's office to see what was taking so long. At that time, Defendant Smith came to the window and asked Plaintiff if he could help her. Plaintiff informed Defendant Smith as to the nature of her visit and that she was waiting on Lashley.

12.     At that time, Plaintiff walked back to the front of the store. About a minute later, Lashley returned and said that Defendant Smith said that he was over his budget and he could not help. This was particularly curious to Plaintiff, as Defendant Smith had previously told her that he could donate the chicken to the school.

13.     Plaintiff informed Lashley that when she talked to Defendant Smith earlier, he had indicated that everything was okay. Lashley replied, "you know how it is, just don't worry about it, call the Winn Dixie in Capitol Plaza and they will give you the chicken with no problem, just tell them I told you to come over there." Plaintiff believes that the sudden change of mind by Defendant Smith was due to her race, African American.

14.     Plaintiff left the store and went back to the school and talked to the secretary about what had happened.

15.     The next day, Plaintiff informed the assistant principal, Bobby Lowe, about what had happened. The assistant principal was astonished. The assistant principal said, "you mean to tell me that before he (Defendant Smith) saw you, he was willing to give you the donation and as soon as he saw you, he changed his mind about the donation." The Plaintiff answered in the affirmative.

16.     The assistant principal then said, "let's try something different." At that time, the assistant principal called Kelly Beck, white female, into the room and told her that

4

he wanted her to take the school's letterhead over to the West Patton Winn Dixie and see if Defendant Smith would agree to give her a donation for the workshop. Beck agreed to participate.

17.   Beck went back to the store (Winn Dixie at West Patton) and was able to secure the chicken from Defendant Smith with no problem. When Beck returned, she said, "the chicken will be ready Monday at 1:00 P.M. and I can pick it up." Plaintiff believes that she has been discriminated against based on her race, African American, because the only difference in Beck and the Plaintiff is that Plaintiff is African American and Beck is Caucasian.

18.   Plaintiff gave notice to the Winn Dixie Corporate office as to the unlawful discrimination that she had been subjected to, thus imputing liability to Defendant Winn Dixie. As a result, the corporate headquarters opened a file - # 168824. However, Defendant Winn Dixie failed to resolve the matter. Afterwhich, Plaintiff filed this lawsuit.

## COUNT ONE

## EQUAL PROTECTION - 14TH AMENDMENT VIOLATION

19.   Plaintiff adopts, realleges, and incorporates by reference paragraphs one through eighteen above, the same as if more fully set forth herein, and further alleges, anew.

20.   In or around December 2004, Plaintiff contacted the manager at the West Patton Winn Dixie, Defendant Smith, and asked Defendant Smith to donate some chicken for a teacher's workshop she was coordinating. Defendant Smith agreed.

21. The following week, Plaintiff went to the West Patton Winn Dixie store. Plaintiff was assisted by Michelle Lashley.

22. Since the transaction was taking a while, Plaintiff walked to Defendant Smith's office to see what was taking so long. At that time, Defendant Smith came to the window and asked Plaintiff if he could help her. Plaintiff informed Defendant Smith as to the nature of her visit.

23. To Plaintiff's surprise, about a minute later, Lashley returned and said that Defendant Smith said that he was over his budget and he could not help.

24. The next day, Plaintiff informed the assistant principal, Bobby Lowe, about what had happened. At that time, the assistant principal called Kelly Beck, white female, into the room and told her that he wanted her to take the school's letterhead over to West Patton Winn Dixie and see if Defendant Smith would agree to give her a donation for the teacher's workshop. Beck agreed to participate.

25. Beck went back to the store (Winn Dixie at West Patton) and was able to secure the chicken from Defendant Smith with no problem. When Beck returned, she said, "the chicken will be ready Monday at 1:00 P.M. and I can pick it up." Plaintiff believes that she has been discriminated against based on her race, African American, because the only difference in Beck and the Plaintiff is that Plaintiff is African American and Beck is Caucasian.

26. In taking the above-described actions, Defendants Winn Dixie and Smith intentionally discriminated against Plaintiff on the basis of her race, African American, by denying her equality under the law in violation of the Equal

Protection Clause of the Fourteenth Amendment of the United States Constitution.

27.     The conduct of the Defendants Winn Dixie and Smith was intentional, malicious, wanton and oppressive.

28.     As a proximate consequence of the violations based on race by Defendants Winn Dixie and Smith, Plaintiff has suffered and will continue to suffer damage and mental anguish as a result of the Defendants Winn Dixie and Smith actions and conduct.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a)     Assume jurisdiction over this action;

(b)     A judgment declaring that Defendants Winn Dixie and Smith violated the Fourteenth Amendment to the United States Constitution, based on race;

(c)     Attorney's fees;

(d)     Costs;

(e)     Prejudgment interest; and

(f)     An award of such compensatory and punitive damages for any inconvenience, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, or which she may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)
Attorney for Plaintiff

OF COUNSEL:
LAW OFFICES OF JURALDINE BATTLE-HODGE, P.C.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
Telephone: (334) 262-1177
Facsimile:  (334) 263-5569

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

8